UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SEBASTIAN GALINDO-MARTIN,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; et al.
Respondents.

Case No.: 26-cv-5260-BJC-GC

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF Nos. 5–7]**

On September 29, 2026, Petitioner Sebastian Galindo-Martin ("Petitioner"), filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. ECF No. 5. On October 7, 2026, Respondents filed a return. ECF No. 6. On October 13, 2026, Petitioner filed a traverse. ECF No. 7. For the foregoing reasons, the Court grants Petitioner's Amended Petition for Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a citizen and national of Guatemala, flew to Florida on June 23, 2023 and was paroled into the United States to allow him to apply for asylum. ECF No. 5 at 2; ECF No. 5-1 (Martin Declaration) at ¶ 1. After he was paroled, Petitioner applied for asylum,

received a work permit, and also attended all his regular check-ins with Immigration and Customs Enforcement ("ICE"). ECF No. 5 at 2; ECF No. 5-1 at ¶¶ 2–3. On June 30, 2026, Petitioner went to his scheduled ICE check-in appointment and was detained. ECF No. 5 at 2; ECF No. 5-1 at ¶ 4. Petitioner alleges that ICE did not tell him why they were arresting him. *Id*. Since then, Petitioner was transferred to the Otay Mesa Detention Center where he is currently awaiting removal proceedings. ECF No. 5 at 3.

On September 11, 2026, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On September 16, 2026, the Court issued an Order setting a briefing schedule and conditionally appointing the Federal Defenders as counsel for Petitioner. ECF No. 2. On September 29, 2026, on behalf of Petitioner, the Federal Defenders filed an Amended Petition, alleging that ICE acted arbitrary and capriciously in revoking Petitioner's parole and that his subsequent detention violated his due process rights. *See* ECF No. 5 at 3–6. Petitioner also claims that ICE's warrantless arrest of Petitioner violated statutory procedures under 8 U.S.C. § 1226(a). *Id*. at 7–9. Accordingly, Petitioner challenges the legal and constitutional authority for his present detention and requests his immediate release. *Id*. at 9–10.

On October 7, 2026, Respondents filed a return. ECF No. 6. Despite Respondent's "position that Petitioner is subject to mandatory detention under § 1225(b)(2)," Respondents acknowledge that courts in this district have consistently found that § 1226 applies to noncitizens already within the United States. *Id*. at 2; *see, e.g.*, *Torres v. Bondi*, 2025 WL 3214773, at *3 (S.D. Cal. Nov. 18, 2025) ("Section 1225 'authorizes the Government to detain certain [noncitizens] *seeking admission* into the country,' whereas section 1226 'authorizes the Government to detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings.'") (quoting *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1111 (E.D. Cal. 2025) (emphasis in original). Nonetheless, Respondents do not dispute that Petitioner was previously released on parole under 8 U.S.C. § 1182(d)(5). ECF No. 6 at 2. On October 13, 2026, Petitioner filed a traverse in support of his request for immediate release. ECF No. 7.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

## III. DISCUSSION

The Fifth Amendment guarantees that "[n]o person shall be … deprived of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. This right extends to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 681 (2001); *see, e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Accordingly, once a noncitizen has "passed through our gates," they "may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law" occur. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). Due Process proceedings generally "require[] some kind of hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process").

Here, Respondents do not contest that Petitioner "passed through [the] gates" on June 23, 2023 and was then paroled into the United States under 8 U.S.C. § 1182(d)(5). ECF No. 5 at 2; ECF No. 6 at 2. The government's decision to release Petitioner from

custody, at that time, "create[d] 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [he] fail[s] to live up to the … conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Despite this promise, Petitioner was arrested and detained by ICE officers without any indication that his parole was revoked and without notice or an opportunity to be heard. ECF No. 5 at 2; ECF No. 5-1 at ¶ 4. Petitioner contends that Respondents violated his due process rights by detaining him without any constitutional process, and he requests immediate release. ECF No. 5 at 3–6. Respondents do not dispute Petitioner's due process claim or requested relief. ECF No. 6 at 3 ("[T]he government does not oppose the petition and defers to the Court on the appropriate relief.").

Accordingly, the Court finds that Petitioner's due process rights were violated when he was detained without notice or an opportunity to be heard.[1] The Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 5) and orders the following:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his pre-existing parole;
2. Respondents are **ENJOINED AND RESTRAINED** from detaining Petitioner unless Petitioner is provided with notice of the reasons for revocation of parole and a hearing to determine whether detention is warranted.

The Clerk of the Court shall close this matter

**IT IS SO ORDERED**.

Dated: October 28, 2026

Honorable Benjamin J. Cheeks
United States District Judge

---

[1] Given the Court's determination that Respondents violated Petitioner's due process rights, the Court need not reach a determination on Petitioner's arbitrary and capricious and warrantless arrest claims.